UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALLONE SINGLETON WILLIAMS ESTATE & TRUST, *acting on behalf of its living beneficiary on behalf of*, MALONE-WILLIAMS SINGLETON<br><br>Plaintiff,<br><br>v.<br><br>PROJECT S21 LLC, *et al.*,<br><br>Defendants. | Case No. 25-1505-RAJ<br><br>ORDER TO SHOW CAUSE |

Before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 4.) In the IFP application, Plaintiff reports a net monthly income of $2,800.00, no cash on hand, $700.00 in a checking account, and $700.00 in a savings account. (*Id.* at 2-3.) He reports no valuable property or dependents, and monthly expenses of $2,500.00. (*Id.* at 3.) Plaintiff did not describe the specific nature of his regular monthly expenses, noting only that a "trust is entitled to pay for [a]ll utilities[,] rent and phone bills." (*Id.*) When asked to provide further information explaining why he cannot pay court fees and costs, Plaintiff summarily refers to his claim against Defendants. (*Id.*)

ORDER TO SHOW CAUSE - 1

A district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), cert. denied, 544 U.S. 1051 (2005). To meet the first requirement, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's application is deficient in several respects. First, it lacks information necessary for the Court to determine his ability to pay court fees and costs. Plaintiff has not provided a breakdown of his regular monthly expenses, nor has he offered any explanation for why he cannot use his available funds to pay the filing fee of $405.00. (Dkt. # 4 at 2.) Under these circumstances, the Court is unable to determine whether Plaintiff meets the financial requirements for IFP status. More significantly, Plaintiff states that he is the authorized representative of the Malone Singleton Williams Estate and Trust. (*Id.* at 1.) The Ninth Circuit has held that a trustee may not proceed *pro se* on behalf of a trust. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). If Plaintiff is representing the interests of the trust, he must obtain counsel to represent the trust. *See Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (finding that the plaintiffs, who were both trustees and beneficiaries of the trust, lacked standing to maintain an action on behalf of the trust as *pro se* litigants). Without legal representation for the trust, Plaintiff's IFP application is rendered moot.

Accordingly, Plaintiff is ORDERED to show cause by **September 8, 2025**, why the Court should not recommend his IFP application be denied. Specifically, Plaintiff must: (1)

ORDER TO SHOW CAUSE - 2

provide an itemized overview of his monthly expenses; (2) explain why he cannot use his available funds to pay the filing fee; and (3) clarify whether he brings this claim as a trustee on behalf of a trust.

The Clerk is directed to renote Plaintiff's IFP application (dkt. # 4) for **September 15, 2025**, and to send copies of this order to Plaintiff and to the Honorable Richard A. Jones.

Dated this <u>2nd</u> day of September, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3